We'd let you know if we had questions. We'd be happy to answer any questions. So, should we fire the starting gun here, Mr. Gannon? Certainly. I would not be opposed to that. May it please the court, my name is Sam Gunn. Larry Jones and I of Alston & Byrd represent the opposing appellant in this matter, Teresa Earnhardt. At issue in this appeal is whether the designation Earnhardt Collection, as applied to furniture and the custom construction of homes, is primarily merely a surname, and therefore not registrable as a mark pursuant to Section 2b.4 of the Lanham Act. In finding that Earnhardt Collection was not primarily merely a surname, the TTAB misapplied this court's holding in In re Hutchinson Technology, and in the process announced and applied an erroneous rule that the addition of— But the TTAB considered your arguments, as well as the evidence, in light of Hutchinson. That's at JA 3638. And based on that, determined that the collection was not generic. How is that a shortcut, when they considered the arguments and the evidence under the governing legal framework, which you say it is? Exactly. They determined that collection was not generic, but they did not then proceed—they thought the analysis was over at that point, and that now we have a generic term, and the addition of this generic term to Earnhardt renders the mark— Excuse me. The term collection was not generic, and the addition of that term to Earnhardt rendered the mark no longer primarily merely a surname. They did not assess whether what was—they found that it was merely descriptive. They found that collection described the manner in which furniture and the custom construction of homes were marketed. The board has found in the past that the addition of a merely descriptive term to what is otherwise a surname may not diminish the surname's significance. An example would be Enright Pickett Hotel Company, in which the descriptive term suite hotel added to the surname Pickett did not diminish the surname's significance of the composite mark, Pickett Suite Hotel. More recently, a very recent decision from 2016, Enright Integrated Embedded from the TTAB, a precedential decision, found that the mark bar group, that the term group was descriptive of the services offered, that they were offered by an aggregation of persons. And the addition of this disclaimed descriptive term to what was a surname bar did not diminish the surname's significance. I'm a little confused about what you're saying is the legal error. Is it that the board only looked at the generic issue and didn't look at the descriptive issue? Exactly. It is specifically the—at Appendix 36, you'll see that the board says— They recognize Hutchison and recognize its test. They cite the evidence. And don't they, at least on page 37, say that the term collection is not the common, descriptive, or generic name for applicants' furniture? Exactly. In that context— So don't they understand that they have to apply both, even if they didn't discuss the same evidence separately with regard to descriptive or generic? I believe that finding—common descriptive is a term that both the board and I believe this court has in the past used as a shorthand for generic. We're talking about merely descriptive terms. I believe that that finding is really getting again to whether collection is generic, which appears to be really the focus of the TTAB's entire opinion was collection generic. It really didn't even consider what the significance could be of collection being generic. So what quote from the TTAB's decision do you want to point us to to drive home the point that the board misapplied Hutchison because it articulated the rule for composite marks for the surname incorrectly? I would point you to—it's page 36 of the appendix in the board's decision. Since the term collection is not generic, the addition of the term to the surname Earnhardt does diminish the surname significance. But then it goes on and describes Hutchison in more detail and talks about descriptiveness. Again, this opinion could have been written much better and laid out. Here's the generic evidence, not generic. Here's the descriptive evidence. But it's clear they're aware that there's a descriptive form to this too, and they're discussing the evidence in that context. They appear to be, but then at the end of the description of Hutchison, as you pointed out, they talk about whether collection was the generic or common descriptive term. They appear not to have ultimately applied Hutchison in the correct way, I would argue. I mean, if we're going to be this nitpicky and send it back, you're just going to get the same result. They're going to go through this evidence and say collection is not merely descriptive of custom homes or furniture. I would actually argue their findings in the TTAB opinion appear to be consistent with a finding of merely descriptiveness. They found that collection is descriptive of the manner in which furniture and custom construction of homes are marketed. If anything, the way that the court seemed to be considering Hutchison in the context of descriptiveness was to say, is common use of a term equivalent with descriptiveness? And we were not arguing that common use was the reason that collection was descriptive. We were arguing that collection is descriptive because of the way that it's used, not necessarily commonly, but just the fact that it is used descriptively. Any argument related to common use was getting more towards, does this merely descriptive term affect the primary significance of the composite designation Earnhardt Collection to the public? You can help me with this because I can't articulate it precisely, but isn't the standard for descriptiveness whether somebody would understand the mark to be merely descriptive? It's like an average person or customer or whatever. The standard is, would someone who knows what the goods or services are perceive the mark or the term to describe or convey information about them? One problem with the Hutchison case is that the definition of descriptiveness- I find that test a little baffling because if you know what the goods are, if you know that's what is sold is furniture and you see Earnhardt Collection, then it's not far of a leap to say collection in this case means furniture. But if you don't, I mean collection to me does not immediately designate furniture or custom homes. Well, I would argue it would even in the abstract, but if we're using the test that has been created- You think an average person would look at the word collection and think that it designates furniture? Well, not necessarily. It may be among their guesses, but the definition- Well, even if that was the case, the standard for descriptiveness doesn't require the consumer to be guessing in the abstract. It asks whether the consumer who knows what the goods are, and the difference is if it was Earnhardt Unicorns. Would you imagine Earnhardt Unicorns conveys information about the furniture sitting in front of you? I don't think you would. It's Earnhardt Collection. There's no inferential creative leap that needs to be made for someone to connect the term collection to the furniture they see in front of them. I don't know. If I got a phone call and showed up on the ID as Earnhardt Collection, I'd assume it was a bill collector. Well, and if it was a bill collector who called you, then again, you'd be connecting that correctly. But again, we're not talking about determining whether collection is descriptive of furniture and custom construction of homes in the abstract. We're not asking someone to look at a flash card and say the first thing that comes to their head. That's simply not the standard that the board or this court has applied in the past. Now, in the Hutchinson case, the definition of descriptiveness that was used and one that the appellee has latched onto in its own briefing is, a mark is merely descriptive if it would immediately convey to one seeing or hearing it the thought of appellant's product. Sort of getting to the rule that we were sort of discussing here, but that really is not the rule that's been hammered home by the board and this court since Hutchinson was decided in 1986, quite some time ago. So I'm a little confused by that statement. You're saying that the board misapplied Hutchinson and we need to correct it, but that a statement for Hutchinson is actually not the law anymore? It's at least not the most accurate statement of the law, I believe, that we could have. I'm sorry, this court, as recently as 2012, noted in the Duo Pro SS case that the descriptiveness standard is talking about someone who knows what the goods are. It's not an abstract inquiry. I'm not sure if Hutchinson was trying to say that it was. I just think that the words that were used in that opinion did not hammer home the fact that the standard for descriptiveness is not an abstract inquiry. So we have a board opinion that maybe isn't a model of clarity describing a Federal Circuit opinion that likewise wasn't a model of clarity. I actually think the Federal Circuit opinion, other than perhaps its descriptiveness standard… Other than the part that hurts you. Well, you could phrase it that way, Your Honor. But I think that Hutchinson is a good opinion and, in fact, recognizes what we're saying, which is that once you determine that a mark is not generic, the inquiry doesn't end there. Hutchinson engages in a discussion of whether the term technology, which was at issue in that opinion, is merely descriptive or suggestive. And honestly, even once the court determines that technology is at least suggestive, it goes on to say that there's no other evidence in the record that technology diminishes the surname significance of Hutchinson. And therefore, the board's decision was an error. To me, that suggests that even the addition of a suggestive term to what is otherwise merely a surname, depending on what the evidence is in the record, might not diminish the surname significance of the composite designation as a whole. Here, the board did not engage in any analysis of what the effect of adding… Just a reminder that you're under your rebuttal time. I'll reserve the rest of my time. Thank you. Good morning, Your Honor. Good morning. I'm Blaine Sanders. Kerry Davis and I represent Kerry Earnhardt, Incorporated, Napa League. The colloquy that just took place reminds me of what the court said in NRA Chamber of Commerce, that this court sits in review of judgments, not opinions. We would acknowledge that, as Judge Chin said, the opinion of the TTAB is not a model of clarity. Judge Hughes said that there were some things that could have been done better in the opinion. We would acknowledge that, but we submit that in the final analysis, Hutchinson Technology, this court's opinion in Hutchinson Technology, controls this case. And is it your understanding that what Hutchinson Technology requires for purposes of this case is to review whether the term collection, an Earnhardt collection, is generic or merely descriptive? Is that the rule from Hutchinson Technology? I've got to see if it's generic, and even if it's not generic, I still need to keep going and see if it's merely descriptive. And then after determining that, even if it's merely descriptive or generic, then I need to take a step back, look at the word collection in combination with Earnhardt, and against the listed items of goods and services, weigh whether it's still primarily a surname. That gets messy. But let me answer your question. If I said anything that's wrong, which part of what I said is wrong? Hutchinson Technology. If there was a part of what I said is wrong, which part of what I said is wrong? I can't say that anything that you said was wrong. Okay, so then everybody in the room agrees that when it comes to the rule of Hutchinson Technology, the fact finder here has to determine whether or not the word collection is generic. And if it concludes it's not generic, it still has to go on and find out whether the word collection is merely descriptive in the context of these goods and services. I think that's correct, Your Honor. Okay. And that's what happened in Hutchinson, the court in Hutchinson. Well, now let's go to what happened here. All right. Right? I mean, I read the structure of the board's opinion, and it looks like it does an analysis on genericness and concludes, no, the word collection is not generic. And then it addresses the other side's argument about whether collection is merely descriptive. And that's where things get hazy or possibly things go haywire. And it felt like to me that the board was saying as long as it's not generic, then the mark is no longer primarily a surname. And so as we agree, that would be incorrect. And if that's a legal error, then why wouldn't we remand? All right. Let me say that the court considered – I agree with what Your Honor said about that the court addressed the argument, rephrased, quoted Appellant's argument about descriptiveness. And then it made a statement at Appendix 36 that Mr. Gunn read that said since the term collection is not generic, the addition of the term surname Earnhardt does diminish the surname's significance. I would agree. I wouldn't say that that statement is necessarily wrong, but I'd say that goes beyond Hutchinson. If just that – we're going to – if I'm using – I'm not saying you're nitpicking. I'm using the word that judge – judge, you said about nitpicking. I would say that that phrase, that clause goes beyond Hutchinson. But if – and that sentence is not the board's finest hour. But then immediately the board gets back on track and quotes Hutchinson technology, quotes it twice. And I do think this is important. When we get to the Appendix 37, this court focuses on the common usage rationale. When you get to Appendix 37, and I'll quote, Opposer has submitted evidence establishing the term collection is commonly used in connection with both custom homes and furniture. Opposer argues that such common usage renders the term generic. Then it says the term collection is not the common descriptive or generic term for the applicant's furniture or custom home. So then it gets – it gets back on track, and it focuses on the common usage part. Yeah, but that's – I'm just sorry to interrupt, but this is what scares me is that in this very part you quoted, what it looks like the T tab has done is it's drifted back to the genericness argument that it already rejected in the earlier paragraphs, in the earlier section of the opinion. When the T tab says, quote, Opposer argues that the common usage renders the term generic. See, now the – everything the board says after that is in the context of once again repudiating what it already repudiated a few pages earlier about whether the word collection is generic. And then if you go back to the bottom of 36 to the top of A37, the board clearly notes that when it comes to Hutchinson, it says, quote, Although the issue of descriptiveness was discussed in Hutchinson, the court in Hutchinson did not change the test for determining whether adding language to a surname alters the significance of the surname. And to me, the only conclusion I can draw from that sentence is that this board is concluding that the Hutchinson test strictly looks at whether the term is generic, and even though it mentioned and described and discussed descriptiveness, it wasn't really in any way suggesting that a descriptiveness inquiry is part of this test. And of course, as we all know, because we agreed in the beginning, it is part of the test. Yes. Descriptiveness has to be looked at. So now – so when I look at all of this, what I fear is that the trademark board ignored the descriptiveness inquiry in trying to figure out whether the word collection is something that diminishes the surname as an earned part and the earned art collection mark. Your Honor, I'd agree that the board goes back and forth discussing generic and descriptiveness. I would not agree that the board ignored it because it expressly stated the argument – the opposer's argument about descriptiveness and then talked about Hutchinson, including quoting the applicable language from Hutchinson that said, A mark is merely descriptive of a product if it would immediately convey to one seeing or hearing it the thought of appellant's product. I'm sorry. Can you tell me where you were? Yes, Your Honor. That's Appendix 37. Oh, the quoting from Hutchinson. They're quoting from Hutchinson, but that's the part of Hutchinson that is discussing descriptiveness. And then they – then when it stops quoting Hutchinson, the board talks about the common usage rationale in Hutchinson. Right, but that's in repudiating the opposer's arguments about genericness. Well, they start talking about genericness, but they open this discussion by talking about descriptiveness. I would submit, Your Honor – and, of course, this – the writing of this opinion can be picked apart. But it is reasonable to conclude, based on the fact that the board addressed opposer's descriptiveness argument and dealt with it by citing this court's precedent, Hutchinson, which dealt with the descriptiveness argument, and concluded that common usage does not make a term descriptive, as in Hutchinson. Can I just ask you, even if we were to read this your way and say that the board concluded that collection is not descriptive when it comes to these goods, it didn't explain why it reached that finding that it's not descriptive. I mean, the one place where I see something interesting from the board is going back to the genericness section of the opinion of 834, 835, where at the bottom of 834 it says the word collection does not refer to any class or category of furniture, and therefore, while it may be descriptive of the manner in which some furniture is marketed or sold, namely by groupings of brands or groupings of uses, it is not generic. And so now here's a place where I see the board indicating that the mark or the word collection may be descriptive, but it's not generic. And that is the only analysis I see of actual comment on descriptiveness. Your Honor, we would submit that when they talk about common usage, when they talk about – the board talks about common usage at page 37, that is the label for descriptiveness from Hutchinson. It answers the question. It answers both questions. It answers both the genericness and the descriptiveness question. And we'd also like to point out, Your Honor, that the opposer, the appellant, has argued in its reply brief that these were findings of descriptiveness. And I want to make clear that what those two sentences that Your Honor read were findings of not generic. They weren't findings. They said may be descriptive. But the court – certainly there's nothing in this opinion that is a finding that it was not descriptive. The much more reasonable conclusion is that there was a finding – I'm sorry, there wasn't a finding of descriptiveness. I misspoke. How would you interpret the other sentence I quoted at the bottom of page 36, the top of page 37? Although the issue of descriptiveness was discussed in Hutchinson, the court in Hutchinson did not change the test for determining whether the language added to a surname alters the significance of the surname. What do you think they were trying to say there? I think they were saying that you have to look at genericness and you have to look at descriptiveness. And Hutchinson didn't change that test. Even though it introduces the sentence with the clause, although the issue of descriptiveness was discussed? I mean to me that sort of makes it sound like the board was saying that that was something extraneous and ancillary and perhaps even a mistake. But it didn't change the test, which is you've got to look at genericness. And I do think that's the – I mean Hutchinson, the rule is that you have to look – Hutchinson says – Hutchinson looked at genericness and descriptiveness. I think that's very clear from the opinion. I agree. Then the next question is does the board here understand that? And maybe it doesn't. I think that the board did understand that. And I think that's why – I think what happened here was that the appellant only argued genericness in its opening trial brief. What's the impacts of footnotes 31 and 32 at those two pages, 36 and 37? All right, footnotes 31 and 32. Well, it's talking about – that talks about the Miller case, and there wasn't any discussion in Miller about descriptiveness. It was a – it was purely a generic case about law group, and that court decided that law group was generic. So it wasn't about descriptiveness. So in Miller it found that the word was generic, right? That the word that was added to the surname was generic in Miller? Yes, sir. Okay. Yes, sir. And so therefore Miller didn't need to comment on the question of whether descriptiveness was important. That's right. That's right. It was argued, but it was argued by the appellant in their initial trial brief. Appellant didn't raise the descriptiveness argument. The case was tried, and the opening trial brief was about generic. They didn't raise the issue of descriptiveness until their reply below, and I think that may have some – had some influence on how the board went back and forth in its opinion. Here's my last question. Both sides in this case have some TTAB examples or registration examples of how the word collection in some cases were considered to be just merely descriptive. In other places where the registration went straight through with the word collection and perhaps added to a surname. What's the principle that we should take away, and how do we draw a straight line through all of those? I don't – I think it shows how examiners – I don't think any of those cases were precedential. But there are examples where the trademark board said the addition of the word collection did not alter the significance of the surname and the composite mark. So, you know, that – I'm trying to understand now. I don't think that those – I don't think that the non – I'm out of time. No, you can finish. May I finish? That those are not – those are not precedential. They're not very helpful. I think that as a matter of practice, the ones that – there are so many that recognize collection, but they're not contested. So I don't find – those are – may show as a matter of practice, but they don't really show a rule of law. It really is a case-by-case analysis. And here, collection, the board looked at the argument, and they found that collection was commonly used with Earnhardt. But just like technology in Hutchinson, it didn't – it did not describe the products that were at issue, and therefore it did diminish the surname significance. And we'd ask that the board be affirmed. Thank you. Thank you. Mr. Gannon? We would argue that the board did find that collection was descriptive at page – I believe it's 36. Can I back you up first? I think we all agree that if the board said Hutchinson only requires a look at genericness, that's legally incorrect. Did the board say that anywhere? I believe it did. I don't know how else you interpret – If they thought that they didn't have to look at descriptiveness, why did they talk about descriptiveness? Including in those footnotes. I think they were perhaps trying to distinguish whether – you know, if something's not generic, what is it the next step would be descriptive? So there were at least findings consistent with the fact that collection is merely descriptive. What appears the board did was, even though it found that collection was merely descriptive, it did not understand the significance of that finding. That's why it's so casually referred to, it seems, in the opinion. They didn't understand that now that we've got a merely descriptive term, that doesn't end the inquiry. We need to determine what the primary significance of Earnhardt collection is to the purchasing public. But the finding that collection describes the manner in which furniture is marketed and sold, that it describes groupings of custom homes, those are findings that collection is descriptive. Where is that finding? Is that that maybe descriptive sentence? This is – it's page 3536. I mean we're talking about the same two pages. Right. I mean they have some good sentences to pluck out, you have some good sentences to pluck out. I don't see anything in here where the board says the test under Hutchinson is solely determined whether it's generic or not. And if it's not generic, it can add to or it can diminish the significance of the survey. Do you agree that there's no explicit statement that that's the law? I would agree with that. What you're trying to do is infer from various phrases here and there that they didn't apply descriptiveness test, even though they quoted the descriptiveness test from Hutchinson. Your friend is doing the opposite. I mean this opinion is a mess. But we don't reverse cases to get a better opinion just because we don't like the analysis if it's not harmful error. And if there's no legal error, and I don't see any explicit legal error in stating you only look at genericness, then what we're looking for is is there substantial evidence to support application of the Hutchinson test? And I understand your arguments there. I would argue, you know, when the board says that the term collection describes a manner, and I understand you referenced that one of the statements says may be descriptive. The second statement about custom construction of homes says collection describes a manner in which the services are offered, namely grouped by features or by type of architecture. Even if that isn't an explicit finding of descriptiveness, which we would argue that it is, if this case was remanded and the court and the board found the same facts, I think it would conclude that collection is merely descriptive. Except that when you go on later, and we're just quibbling over different parts of the opinion, you can go on and find a sentence where they said it's not descriptive. They said it's not the common descriptive or generic name. And I'm happy to submit supplemental briefing on the fact that common descriptive has been frequently used as a- I mean, honestly, with an opinion that's badly written, do you think we are really going to place much significance on their different use of those two terms? I don't think they understood those two terms different, but you may say they submit evidence, but it certainly is not clear from the opinion that they're using them in two different ways. I admit the opinion is not a model of clarity. I do believe the board knew what it was saying when it said common descriptive or generic. Common descriptive is a phrase that's been used frequently as a proxy for genericism. I have no concern that the board didn't understand what it was saying there. I understand that cuts against us saying that the board didn't understand what it was saying in other parts of the opinion. Common descriptive is just so ingrained to me in trademark jurisprudence. I don't doubt that they're simply talking about genericism there. And again, I know we're just picking from the opinion and everyone can pick. The checkered flag has gone. The checkered flag. So in closing, we would say that the board found collection to be descriptive. The addition of collection to Earnhardt would not diminish the significance of Earnhardt based on the evidence of record here, and we respectfully request that this court deny applicants opposed registrations. Thank you.